# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY L. WEIR,<br><br>                          Petitioner,<br><br>      v.<br><br>ATTORNEY GENERAL OF THE STATE OF FLORIDA,<br><br>                          Respondent. | Civil No.   13-0324 GPC (JMA)<br><br>**ORDER:**<br><br>**(1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; and**<br><br>**(2) DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

     Petitioner, a state prisoner proceeding pro se, has submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

## MOTION TO PROCEED IN FORMA PAUPERIS

     Petitioner has $0.98 on account at the California correctional institution in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action as a poor person without being required to prepay fees or costs and without being required to post security. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

/ / /

/ / /

## VENUE

A petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 497 (1973). Petitioner is presently confined at George Baily Detention Facility, located in San Diego County, which is within the jurisdictional boundaries of the United States District Court for the Southern District of California. *See* 28 U.S.C. § 84(d). However, it is not clear from the petition whether Petitioner seeks to challenge a state court conviction from Florida, or whether he seeks to challenge the use of the Florida conviction as an enhancement of state court conviction from San Diego County. Nor is it clear whether Petitioner is currently in custody pursuant to a conviction from a San Diego County court. Accordingly, the Court cannot determine from the petition whether jurisdiction exists in the United States District Court for the Southern District of California.

If Petitioner wishes to challenge the validity of his Florida conviction, the Court advises him he must file his habeas corpus action in the United States District Court for the Southern District of Florida. *See* 28 U.S.C. § 89(c). If Petitioner wishes to challenge a state court conviction from San Diego County, he must file a First Amended Petition that clearly sets forth the conviction he is challenging and the grounds upon which he is challenging it.

## **FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM**

Additionally, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C. § 2254(a) (emphasis added). *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir.

1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464-65 (9th Cir. 1986).  Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the United States."  *See* 28 U.S.C. § 2254(a).

Here, Petitioner claims that "the trial court failed [to] abide by the proper procedures pursuant to Penal Code [section] 1368," "violations of various civil rights of the Appellant," "petition for release on recognizance (bail review)," and "irrelevance of the charged complaints." (Pet. at 3.)  In no way does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254.

**FAILURE TO NAME PROPER RESPONDENT**

Review of the Petition also reveals that Petitioner has failed to name a proper respondent.  On federal habeas, a state prisoner must name the state officer having custody of him as the respondent.  *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254).  Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent.  *See id.*

The warden is the typical respondent.  However, "the rules following section 2254 do not specify the warden." *Id.*  "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note).  If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody.  The actual person who is [the] custodian [of the petitioner] must be the respondent."  *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968).  This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the

body" if directed to do so by the Court. In California, "[b]oth the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895.

Here, Petitioner has incorrectly named "The Attorney General of Florida," as Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections and Rehabilitation. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## **FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

Further, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Ordinarily, to satisfy the exhaustion requirement, a petitioner must "'fairly present[]' his federal claim to the highest state court with jurisdiction to consider it, or . . . demonstrate[] that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted). Moreover, to properly exhaust state court remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated. For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state court." *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)(emphasis added).

Nowhere on the Petition does Petitioner allege that he raised his claims in the California Supreme Court. If Petitioner has raised his claims in the California Supreme Court he must so specify.

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

## CONCLUSION

For all the foregoing reasons, the Court **GRANTS** Petitioner's motion to proceed in forma pauperis and **DISMISSES** this action without prejudice and with leave to amend. To have this case reopened, Petitioner must, **no later than <u>April 19, 2013</u>**, file a First Amended

///

///

///

///

///

1  Petition that cures the pleading deficiencies set forth above.[1]  ***The Clerk of Court is directed to***
2  ***mail Petitioner a blank First Amended Petition form together with a copy of this Order.***
3      **IT IS SO ORDERED.**
4  DATED:  February 13, 2013

                                               *[signature]*
                        HON. GONZALO P. CURIEL
                        United States District Judge

---

[1] A blank First Amended Petition is included with this Order for Petitioner's convenience.