1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11

ZACHARY L. WEIR,

12

Petitioner,

13

v.

14

ATTORNEY GENERAL OF THE STATE OF
FLORIDA,

15

16

Respondent.

Civil No.    13-0324 GPC (JMA)

**ORDER:**

**(1) GRANTING APPLICATION TO
PROCEED IN FORMA PAUPERIS; and**

**(2) DISMISSING CASE WITHOUT
PREJUDICE AND WITH LEAVE TO
AMEND**

17

18

19

        Petitioner, a state prisoner proceeding pro se, has submitted a Petition for Writ of Habeas
Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

20

## MOTION TO PROCEED IN FORMA PAUPERIS

21

        Petitioner has $0.98 on account at the California correctional institution in which he is

22

presently confined.  Petitioner cannot afford the $5.00 filing fee.  Thus, the Court **GRANTS**

23

Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the

24

above-referenced action as a poor person without being required to prepay fees or costs and

25

without being required to post security.  The Clerk of the Court shall file the Petition for Writ

26

of Habeas Corpus without prepayment of the filing fee.

27

/ / /

28

/ / /

I:\Everyone\_EFILE-PROSE\GPC\13cv0324_grantIFP&dismiss.wpd, 21513

-1-

13cv0324

1

## <u>VENUE</u>

2  A petition for writ of habeas corpus may be filed in the United States District Court of

3  either the judicial district in which the petitioner is presently confined or the judicial district in

4  which he was convicted and sentenced.  *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial*

5  *Circuit Court*, 410 U.S. 484, 497 (1973).  Petitioner is presently confined at George Baily

6  Detention Facility, located in San Diego County, which is within the jurisdictional boundaries

7  of the United States District Court for the Southern District of California. *See* 28 U.S.C. § 84(d).

8  However, it is not clear from the petition whether Petitioner seeks to challenge a state court

9  conviction from Florida, or whether he seeks to challenge the use of the Florida conviction as

10  an enhancement of state court conviction from San Diego County.  Nor is it clear whether

11  Petitioner is currently in custody pursuant to a conviction from a San Diego County court.

12  Accordingly, the Court cannot determine from the petition whether jurisdiction exists in the

13  United States District Court for the Southern District of California.

14  If Petitioner wishes to challenge the validity of his Florida conviction, the Court advises

15  him he must file his habeas corpus action in the United States District Court for the Southern

16  District of Florida.  *See* 28 U.S.C. § 89(c).  If Petitioner wishes to challenge a state court

17  conviction from San Diego County, he must file a First Amended Petition that clearly sets forth

18  the conviction he is challenging and the grounds upon which he is challenging it.

19

## <u>FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM</u>

20  Additionally, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner

21  has failed to allege that his state court conviction or sentence violates the Constitution of the

22  United States.

23  Title 28, United States Code, § 2254(a), sets forth the following scope of review for

24  federal habeas corpus claims:

25  The Supreme Court, a Justice thereof, a circuit judge, or a district court shall
entertain an application for a writ of habeas corpus in behalf of a person in

26  custody pursuant to the judgment of a State court only on the ground that he is in
custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

27

28  28 U.S.C. § 2254(a) (emphasis added).  *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir.

1  1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800

2  F.2d 1463, 1464-65 (9th Cir. 1986).  Thus, to present a cognizable federal habeas corpus claim

3  under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of

4  a State court," <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the

5  United States."  *See* 28 U.S.C. § 2254(a).

6      Here, Petitioner claims that "the trial court failed [to] abide by the proper procedures

7  pursuant to Penal Code [section] 1368," "violations of various civil rights of the Appellant,"

8  "petition for release on recognizance (bail review)," and "irrelevance of the charged

9  complaints."  (Pet. at 3.)  In no way does Petitioner claim he is "in custody in violation of the

10  Constitution or laws or treaties of the United States."  28 U.S.C. § 2254.

11  **<u>FAILURE TO NAME PROPER RESPONDENT</u>**

12      Review of the Petition also reveals that Petitioner has failed to name a proper respondent.

13  On federal habeas, a state prisoner must name the state officer having custody of him as the

14  respondent.  *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28

15  U.S.C. foll. § 2254).  Federal courts lack personal jurisdiction when a habeas petition fails to

16  name a proper respondent.  *See id.*

17      The warden is the typical respondent.  However, "the rules following section 2254 do not

18  specify the warden."  *Id.*  "[T]he 'state officer having custody' may be 'either the warden of the

19  institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal

20  institutions.'"  *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note).  If "a

21  petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall

22  be the state officer who has official custody of the petitioner (for example, the warden of the

23  prison).'"  *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

24      A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of]

25  habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody.  The

26  actual person who is [the] custodian [of the petitioner] must be the respondent."  *Ashley v.*

27  *Washington*, 394 F.2d 125, 126 (9th Cir. 1968).  This requirement exists because a writ of

28  habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the

1 body" if directed to do so by the Court. In California, "[b]oth the warden of a California prison

2 and the Director of Corrections for California have the power to produce the prisoner." *Ortiz-*

3 *Sandoval*, 81 F.3d at 895.

4       Here, Petitioner has incorrectly named "The Attorney General of Florida," as Respondent.

5 In order for this Court to entertain the Petition filed in this action, Petitioner must name the

6 warden in charge of the state correctional facility in which Petitioner is presently confined or the

7 Director of the California Department of Corrections and Rehabilitation. *Brittingham v. United*

8 *States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

9 **FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

10       Further, habeas petitioners who wish to challenge either their state court conviction or the

11 length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C.

12 § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Ordinarily, to satisfy the

13 exhaustion requirement, a petitioner must "'fairly present[]' his federal claim to the highest state

14 court with jurisdiction to consider it, or . . . demonstrate[] that no state remedy remains

15 available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted). Moreover,

16 to properly exhaust state court remedies a petitioner must allege, in state court, how one or more

17 of his or her federal rights have been violated. For example, "[i]f a habeas petitioner wishes to

18 claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law

19 guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but

20 in state court." *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)(emphasis added).

21       Nowhere on the Petition does Petitioner allege that he raised his claims in the California

22 Supreme Court. If Petitioner has raised his claims in the California Supreme Court he must so

23 specify.

24       Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death

25 Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ

26 of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation

27 period shall run from the latest of:

28           (A) the date on which the judgment became final by the conclusion of
           direct review or the expiration of the time for seeking such review;

1        (B) the date on which the impediment to filing an application created by
2   State action in violation of the Constitution or laws of the United States is
    removed, if the applicant was prevented from filing by such State action;

3        (C) the date on which the constitutional right asserted was initially
    recognized by the Supreme Court, if the right has been newly recognized by the
4   Supreme Court and made retroactively applicable to cases on collateral review;
    or

5
6        (D) the date on which the factual predicate of the claim or claims presented
    could have been discovered through the exercise of due diligence.

7   28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

8        The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition

9   is pending.  28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

10  *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed'

11  when its delivery and acceptance [by the appropriate court officer for placement into the record]

12  are in compliance with the applicable laws and rules governing filings.").  However, absent some

13  other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is

14  pending.  *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

15       Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a

16  habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to

17  it that the petitioner is not entitled to relief in the district court . . ."  Rule 4, 28 U.S.C. foll.

18  § 2254.  Here, it appears plain from the Petition that Petitioner is not presently entitled to federal

19  habeas relief because he has not alleged exhaustion of state court remedies.

20                               **<u>CONCLUSION</u>**

21       For all the foregoing reasons, the Court **GRANTS** Petitioner's motion to proceed in

22  forma pauperis and **DISMISSES** this action without prejudice and with leave to amend.  To

23  have this case reopened, Petitioner must, **no later than <u>April 19, 2013</u>**, file a First Amended

24  ///

25  ///

26  ///

27  ///

28  ///

1   Petition that cures the pleading deficiencies set forth above.[1]   ***The Clerk of Court is directed to***

2   ***mail Petitioner a blank First Amended Petition form together with a copy of this Order.***

3         **IT IS SO ORDERED.**

4   DATED:  February 13, 2013

5

6                                   HON. GONZALO P. CURIEL
                                    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[1]  A blank First Amended Petition is included with this Order for Petitioner's convenience.